FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUN 24  PM 2: 12

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET NO: 00-225** |
| v. | * | **SECTION: "L" (6)** |
| **FATHE MOHAMMED KHATBI** | * | |
| * | * | * |

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S
MOTION FOR RETURN OF PASSPORT**

NOW INTO COURT comes the United States, through the undersigned Assistant United States Attorney, who respectfully states the following facts;

**I.   FACTS AND PROCEDURAL HISTORY**

On July 7, 2000, the defendant appeared in court in the above referenced case and made bond. As a condition of his bond he was ordered to surrender his passport to Pre-Trial Services. On June 18, 2001, the defendant pled guilty to a violation of the Federal Controlled Substances Act. On October 17, 2001, he was sentenced to serve 46 months in prison. He was also ordered to self surrender to the Bureau of Prisons by November 14, 2001. However, the defendant failed to report to the Bureau of Prisons by his self surrender date. On December 4, 2001, he was arrested in Fort Lauderdale, Florida on an outstanding warrant for his failure to appear. He was eventually brought

back to the Eastern District of Louisiana and was charged under case number 01-338 "K" with violating Title 18, United States Code, Section 3146, relative to failure to appear. On February 21, 2002, the defendant pled guilty to this charge. On May 22, 2002 he was sentenced to serve 8 months in the Bureau of Prisons.

On May 30, 2005, the defendant filed the instant motion seeking the return of his passport. Pursuant to this motion, the undersigned Assistant United States Attorney tried to locate the defendant's passport but has been unsuccessful. In his motion the defendant claims that his Brazilian passport, which was issued on June 20, 1995, was turned over to the possession of Pretrial Services Officer Brent Torres. To Support his claim, defendant has attached an order from Magistrate Court, dated July 7, 2000, stating that the defendant was ordered to surrender his passport to Pre-Trial Services. However, the undersigned AUSA has personally spoken to Pre-Trial Services Officer Brent Torres concerning this matter. According to Mr. Torres, he has looked for the passport but has been unable to locate it. Furthermore, Mr. Torres has indicated that according to his file, DEA Task Force Agent George Breedy had possession of the passport.

Based on this response, the undersigned AUSA spoke with DEA Task Force Agent George Breedy concerning this case. According to Agent Breedy, he reviewed the entire file, including a list of property and evidence, and was unable to locate any report that indicated that DEA ever had possession of the defendant's passport. To support this claim, Agent Breedy has provided six pages of DEA 48a forms that list the property and evidence that DEA had in this case.[1] This property was destroyed back in 2002. The passport is not listed in any of these forms.

---

[1] These forms are attached as Government exhibit 1.

-2-

Unfortunately, because of the long time delay from when the passport was ordered to be surrendered until the defendant's request to have it returned, the passport was misplaced and cannot be located.

## II.   LAW AND ARGUMENT

The Government is not under any strict obligation to notify a defendant, who has allowed the passage of approximately three and a half years from the presumptive date after which the property is no longer necessary to hold on to (i.e.- the date of his arrest on December 4, 2001), that it intends to destroy the property. Indeed, it is the defendant's affirmative obligation timely to move the Court for the Return of Property pursuant to Rule 41(g). An inexcusable failure to do so, when accompanied by the requisite prejudice to the Government, can raise the bar of laches. The defense of laches "requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." Costello v. United States, 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961); see also Black's Law Dictionary 875 (6th ed. 1990) (" 'Doctrine of laches,' is based upon maxim that equity aids the vigilant and not those who slumber on their rights. It is defined as neglect to assert a right or claim which, taken together with lapse of time and other circumstances causing prejudice to the adverse party, operates as a bar in a court of equity"). Kansas v. Colorado, 514 U.S. 673, 115 S.Ct. 1733, 1742 (1995). Laches is a question primarily addressed to the discretion of the trial court. Gardner v. Panama R.R. Co., 342 U.S. 29, 72 S.Ct. 12 (1951). Doctrine of laches could be considered in determining whether equitable remedy should be fashioned in ruling on a motion for return of property under Federal Rule of Criminal Procedure 41(e). United States v. Potes Ramirez, 260 F.3d 1310 (11th Cir 2001).

To establish a laches defense, it must be demonstrated that there was an unreasonable and inexcusable delay on the part of the defendant. The period of delay is measured from when the claimant had actual notice of the claim, or, would have reasonably been expected to inquire about the subject matter. Due process requires the Government to afford an owner notice and an opportunity to be heard before civilly forfeiting his property, but actual receipt of notice by the defendant is not automatically required; rather, due process requires the provision of notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. United States v. Whiting, 231 F.3d 70 (1st Cir. 2000).

In this case, Khatbi became aware of the government's possession of his passport on July 7, 2000, because it was part of the court order as a condition of his bond. He knew that the bond was no longer in effect when he failed to surrender himself to the Bureau of Prisons. He has been in custody since December 4, 2001 when he was arrested in Florida. Since he was no longer on bond at that time, there was no reason why he should not have requested its return back then. Khatbi did not file a motion for the return of his passport until May 30, 2005, approximately three and a half years after his bond was no longer in effect. The defendant has set forth no meritorious justification for his three and a half year delay. This long period of delay is inexcusable. See, Hill v. United States, 830 F.Supp. 270 274 (E.D. Pa. 1993) (court found that "regardless of the legality of the government's letter of notification, the plaintiff had abandoned his property because he waited four years to initiate legal action."); Tunstall v. United States, 1991 WL 46329 (E.D. Pa 1991) (court held that two years is a sufficient time for a person who has not received official notice of the seizure but who nevertheless knows his property has been seized to make an effort to retrieve his property.)

The second prong of the laches inquiry - undue prejudice - is present as well. If Khatbi had filed his motion timely, the Government may have been able to returned the "passport" to him. Once he was incarcerated he should have requested its return within a reasonable time period.

Lastly, even if the Court finds that the Government unlawfully destroyed or lost Khatbi's "passport" Khatbi is not entitled to monetary relief because the Government has sovereign immunity from money damages sought under Rule 41(e). United States v. Potes Ramirez, 260 F.3d 1310 (11th Cir. 2001); United States v. Pena, 157 F.3d 984 (5th Cir. 1998); United States v. Whiting, 231 F.3d 70 (1st Cir. 2000).

Based on the foregoing facts and law, the United States respectfully request that this Court deny Khatbi' motions for the return of his passport.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

_____
MAURICE E. LANDRIEU, JR. (Bar No. 22104)
Assistant United States Attorney
Hale Boggs Federal Building
500 Poydras Street, Second Floor
New Orleans, Louisiana 70130
(504) 680-3015

**CERTIFICATE OF SERVICE**
I certify that a copy of the foregoing has been served upon counsel for all parties by mailing the same to each, properly addressed and postage prepaid this _____ day of _____, 20___.

_____
Assistant United States Attorney

**U.S. Department of Justice**
Drug Enforcement Administration

## DISPOSITION OF NON-DRUG EVIDENCE
*(Do NOT Use For Drug Evidence)*

FILE NUMBER: GH-00-0173
DATE: 8/6/02
FILE TITLE: KHATBI, Fathe Mohammed

ORIGINATOR *(Name of Field Office and Case Agent)*
TF/A George F. Breedy
N.O.F.D. 3838 North Causeway Blvd.
Suite 1800
Metairie, Louisiana 70002

CUSTODIAN *(Name of Field Office or Laboratory and Custodian)*
Laurie Marix
N.O.F.D. 3838 North Causeway Blvd.
Suite 1800
Metairie, Louisiana 70002

### PART I

The following exhibits in this case are no longer needed as evidence and should:
- ☐ be handled as forfeited property
- ☐ be returned to their rightful owner: _____
- ☐ be transferred to _____ (Agency)
- ☐ undergo abandonment proceedings
- ☐ be stored as documentation of a non-consensual intercept
- ☒ be destroyed (or returned to the case file)
- ☐ be handled as recovered funds

ENTERED AUG 26 2002
CASTM ____ SARI ✓
INPUT BY S. CARCAMO

| EXHIBIT NUMBER | LAB. OR FISCAL CONTROL NUMBER | DESCRIPTION | CONDITION CODE | ESTIMATED VALUE |
|---|---|---|---|---|
| N-13 | | 1 LN 120 Radio Shack Audio Cassette Tape | | |
| N-14 | | 1 Cassette Tape | | |
| N-15 | | 1 Cassette Tape | | |
| N-16 | | 1 Cassette Tape | | |
| N-17 | | 1 Cassette Tape | | |
| N-18 | | 1 Cassette Tape | | |
| N-19 | | 1 Cassette Tape | | |

TF/A George F. Breedy — 8/6/02
CASE AGENT (Signature) / DATE

G/S Michael S. Nussbaum — 8/21/02
APPROVING OFFICIAL (Signature) / DATE

### PART II

The foregoing exhibits have undergone abandonment proceedings and may be disposed of in accordance with 41 CFR 128.

PROPERTY CUSTODIAN (Signature) _____ DATE _____

### PART III

On 8/26/02 (date), the foregoing exhibits were:
- ☐ disposed of in accordance with 21 USC 881(e)
- ☐ disposed of in accordance with 41 CFR 128
- ☒ destroyed (or returned to the case file)
- ☐ delivered to _____
- ☐ placed into storage (documentation of a non-consensual intercept)

Laurie Marix
CUSTODIAN

WITNESS

RECEIVED BY (If applicable)

GOVERNMENT EXHIBIT 1

DEA Form - 48a
(May 1980)

1

U.S. Department of Justice
Drug Enforcement Administration

# DISPOSITION OF NON-DRUG EVIDENCE
(Do NOT Use For Drug Evidence)

| FILE NUMBER | DATE |
|---|---|
| GH-00-0173 | 8/6/02 |
| FILE TITLE | |
| KHATBI, Fathe Mohammed | |

**ORIGINATOR** (Name of Field Office and Case Agent)
TF/A George F. Breedy
N.O.F.D. 3838 North Causeway Blvd.
Suite 1800
Metairie, Louisiana 70002

**CUSTODIAN** (Name of Field Office or Laboratory and Custodian)
Laurie Marix
N.O.F.D. 3838 North Causeway Blvd.
Suite 1800
Metairie, Louisiana 70002

## PART I

The following exhibits in this case are no longer needed as evidence and should:

- ☐ be handled as forfeited property
- ☐ be returned to their rightful owner: _____
- ☐ be transferred to _____ (Agency)
- ☐ undergo abandonment proceedings
- ☐ be stored as documentation of a non-consensual intercept
- ☒ be destroyed (or returned to the case file)
- ☐ be handled as recovered funds

ENTERED SEP 12 2002
CASTM _____ SARI ✓
INPUT BY S. CARCAMO

| EXHIBIT NUMBER | LAB. OR FISCAL CONTROL NUMBER | DESCRIPTION | CONDITION CODE | ESTIMATED VALUE |
|---|---|---|---|---|
| N-11- | | Photographs of KHATBI's apartment on Carol Sue | | |
| N-12 | | Southwest Airlines Reservation Records | | |

TF/A George F. Breedy  8/8/02
CASE AGENT (Signature)   DATE

G/S Michael S. Nussbaum  8/12/02
APPROVING OFFICIAL (Signature)   DATE

## PART II

The foregoing exhibits have undergone abandonment proceedings and may be disposed of in accordance with 41 CFR 128.

PROPERTY CUSTODIAN (Signature)   DATE

## PART III

On 8/29/02 (date), the foregoing exhibits were:

- ☐ disposed of in accordance with 21 USC 881(e)
- ☐ disposed of in accordance with 41 CFR 128
- ☒ destroyed (or returned to the case file)
- ☐ delivered to _____
- ☐ placed into storage (documentation of a non-consensual intercept)

Laurie Marix
CUSTODIAN

WITNESS

RECEIVED BY (If applicable)

DEA Form - 48a
(May 1980)

1

**U.S. Department of Justice**
Drug Enforcement Administration

# DISPOSITION OF NON-DRUG EVIDENCE
*(Do NOT Use For Drug Evidence)*

| FILE NUMBER | DATE |
|---|---|
| GH-00-0173 | 8/6/02 |

**FILE TITLE**
KHATBI, Fathe Mohammed

**ORIGINATOR** *(Name of Field Office and Case Agent)*
TF/A George F. Breedy
N.O.F.D. 3838 North Causeway Blvd.
Suite 1800
Metairie, Louisiana 70002

**CUSTODIAN** *(Name of Field Office or Laboratory and Custodian)*
Laurie Marix
N.O.F.D. 3838 North Causeway Blvd.
Suite 1800
Metairie, Louisiana 70002

## PART I

The following exhibits in this case are no longer needed as evidence and should:
- ☐ be handled as forfeited property
- ☒ be returned to their rightful owner: ~~Defendant Fathe Mohammed KHATBI~~
- ☐ be transferred to _____ (Agency)
- ☐ undergo abandonment proceedings
- ☐ be stored as documentation of a non-consensual intercept
- ☒ be destroyed (or returned to the case file)
- ☐ be handled as recovered funds

APR 11 2003

| EXHIBIT NUMBER | LAB. OR FISCAL CONTROL NUMBER | DESCRIPTION | CONDITION CODE | ESTIMATED VALUE |
|---|---|---|---|---|
| N-10 | | Hewlett Packard computer hard drive, model HP Pavilion 6350, serial number US83260414 | | |

TF/A George F. Breedy    8/8/02
CASE AGENT (Signature)   DATE

G/S Michael S. Nussbaum   8/12/02
APPROVING OFFICIAL (Signature)   DATE

## PART II

The foregoing exhibits have undergone abandonment proceedings and may be disposed of in accordance with 41 CFR 128.

L Guilford    3/7/03
PROPERTY CUSTODIAN (Signature)   DATE

## PART III

On 3/7/03 (date), the foregoing exhibits were:
- ☐ disposed of in accordance with 21 USC 881(e)
- ☒ disposed of in accordance with 41 CFR 128
- ~~destroyed (or returned to the case file)~~
- ☐ delivered to _____
- ☐ placed into storage (documentation of a non-consensual intercept)

Laurie Guilford
CUSTODIAN

WITNESS

RECEIVED BY (If applicable)

DEA Form - 48a
(May 1980)

1

U.S. Department of Justice
Drug Enforcement Administration

## DISPOSITION OF NON-DRUG EVIDENCE
*(Do NOT Use For Drug Evidence)*

| FILE NUMBER | DATE |
|---|---|
| GH-00-0173 | 8/6/02 |

FILE TITLE: KHATBI, Fathe Mohammed

**ORIGINATOR** *(Name of Field Office and Case Agent)*
TF/A George F. Breedy
N.O.F.D. 3838 North Causeway Blvd.
Suite 1800
Metairie, Louisiana 70002

**CUSTODIAN** *(Name of Field Office or Laboratory and Custodian)*
Laurie Marix
N.O.F.D. 3838 North Causeway Blvd.
Suite 1800
Metairie, Louisiana 70002

### PART I

The following exhibits in this case are no longer needed as evidence and should:
- ☐ be handled as forfeited property
- ☐ be returned to their rightful owner: _____
- ☐ be transferred to _____ (Agency)
- ☐ undergo abandonment proceedings
- ☐ be stored as documentation of a non-consensual intercept
- ☒ be destroyed (or returned to the case file)
- ☐ be handled as recovered funds

[Stamp: ENTERED SEP 12 2002 CASTM ____ SARI ____ INPUT BY S. CARCAMO]

| EXHIBIT NUMBER | LAB. OR FISCAL CONTROL NUMBER | DESCRIPTION | CONDITION CODE | ESTIMATED VALUE |
|---|---|---|---|---|
| N-7 | | Two (2) black plastic garbage bags. | | |
| N-8 | | Brown cardboard box, addressed from World Wide Wholesale, Inc. To:Everything 99 Cent Plus 9679 Chef Hwy. New Orleans, La. | | |
| N-9 | | 1 plastic coated wall map of the U.S.A. | | |

TF/A George F. Breedy — 8/8/02
CASE AGENT (Signature)   DATE

G/S Michael S. Nussbaum — 8/12/02
APPROVING OFFICIAL (Signature)   DATE

### PART II

The foregoing exhibits have undergone abandonment proceedings and may be disposed of in accordance with 41 CFR 128.

PROPERTY CUSTODIAN (Signature)   DATE

### PART III

On _____8/29/02_____, the foregoing exhibits were:
(date)
- ☐ disposed of in accordance with 21 USC 881(e)
- ☐ disposed of in accordance with 41 CFR 128
- ☒ destroyed (or returned to the case file)
- ☐ delivered to _____
- ☐ placed into storage (documentation of a non-consensual intercept)

Laurie Marix
CUSTODIAN

WITNESS

RECEIVED BY (If applicable)

DEA Form - 48a
(May 1980)

1

**U.S. Department of Justice**
Drug Enforcement Administration

## DISPOSITION OF NON-DRUG EVIDENCE
*(Do NOT Use For Drug Evidence)*

| FILE NUMBER | DATE |
|---|---|
| GH-00-0173 | 8/6/02 |

**FILE TITLE**
KHATBI, Fathe Mohammed

| ORIGINATOR *(Name of Field Office and Case Agent)* | CUSTODIAN *(Name of Field Office or Laboratory and Custodian)* |
|---|---|
| TF/A George F. Breedy<br>N.O.F.D. 3838 North Causeway Blvd.<br>Suite 1800<br>Metairie, Louisiana 70002 | Laurie Marix<br>N.O.F.D. 3838 North Causeway Blvd.<br>Suite 1800<br>Metairie, Louisiana 70002 |

### PART I

The following exhibits in this case are no longer needed as evidence and should:
- ☐ be handled as forfeited property
- ☐ be returned to their rightful owner: _____
- ☐ be transferred to _____ (Agency)
- ☐ undergo abandonment proceedings
- ☐ be stored as documentation of a non-consensual intercept
- ☒ be destroyed (or returned to the case file)
- ☐ be handled as recovered funds

ENTERED SEP 1 2 2002
CASTM _____ SARI
INPUT BY S. CARCAMO

| EXHIBIT NUMBER | LAB. OR FISCAL CONTROL NUMBER | DESCRIPTION | CONDITION CODE | ESTIMATED VALUE |
|---|---|---|---|---|
| N-6 | | a renewal notice from First Metro Agencies #1, 22 Westbank Expressway, Gretna, La. 70053 to Fathe Mohammad Khatbi 1784 Carol Sue Apt. 13N Gretna, Louisiana 70056 | | |

TF/A George F. Breedy    8/8/02
CASE AGENT (Signature)    DATE

G/S Michael S. Nussbaum    8/12/02
APPROVING OFFICIAL (Signature)    DATE

### PART II

The foregoing exhibits have undergone abandonment proceedings and may be disposed of in accordance with 41 CFR 128.

PROPERTY CUSTODIAN (Signature)    DATE

### PART III

On 8/20/02 (date), the foregoing exhibits were:
- ☐ disposed of in accordance with 21 USC 881(e)
- ☐ disposed of in accordance with 41 CFR 128
- ☒ destroyed ~~(or returned to the case file)~~
- ☐ delivered to _____
- ☐ placed into storage (documentation of a non-consensual intercept)

Laurie Marix
CUSTODIAN

[signature]
WITNESS

RECEIVED BY (If applicable)

DEA Form - 48a
(May 1980)    1

U.S. Department of Justice
Drug Enforcement Administration

## DISPOSITION OF NON-DRUG EVIDENCE
(Do NOT Use For Drug Evidence)

FILE NUMBER: GH-00-0173
DATE: 8/6/02
FILE TITLE: KHATBI, Fathe Mohammed

ORIGINATOR *(Name of Field Office and Case Agent)*
TF/A George F. Breedy
N.O.F.D. 3838 North Causeway Blvd.
Suite 1800
Metairie, Louisiana 70002

CUSTODIAN *(Name of Field Office or Laboratory and Custodian)*
Laurie Marix
N.O.F.D. 3838 North Causeway Blvd.
Suite 1800
Metairie, Louisiana 70002

### PART I

The following exhibits in this case are no longer needed as evidence and should:
- ☐ be handled as forfeited property
- ☐ be returned to their rightful owner: _____
- ☐ be transferred to _____ (Agency)
- ☐ undergo abandonment proceedings
- ☐ be stored as documentation of a non-consensual intercept
- ☒ be destroyed (or returned to the case file)
- ☐ be handled as recovered funds

ENTERED SEP 1 2 2002
CASTM _____ SARI _____
INPUT BY S. CARCAMO

| EXHIBIT NUMBER | LAB. OR FISCAL CONTROL NUMBER | DESCRIPTION | CONDITION CODE | ESTIMATED VALUE |
|---|---|---|---|---|
| N-3 | | Cotton bottle fillers and pieces of tamper proof aluminum foil seals | | |
| N-4 | | one "Guest Check" table server order pad numbered 228624 thru 228650 | | |
| N-5 | | one expended roll of scotch clear plastic packing tape | | |

TF/A George F. Breedy — CASE AGENT (Signature)    DATE 8/8/02
G/S Michael S. Nussbaum — APPROVING OFFICIAL (Signature)    DATE 8/12/02

### PART II

The foregoing exhibits have undergone abandonment proceedings and may be disposed of in accordance with 41 CFR 128.

PROPERTY CUSTODIAN (Signature) _____    DATE _____

### PART III

On 8/20/02 (date), the foregoing exhibits were:
- ☐ disposed of in accordance with 21 USC 881(e)
- ☐ disposed of in accordance with 41 CFR 128
- ☒ destroyed ~~(or returned to the case file)~~
- ☐ delivered to _____
- ☐ placed into storage (documentation of a non-consensual intercept)

Laurie Marix — CUSTODIAN
_____ — WITNESS

RECEIVED BY (If applicable)

DEA Form - 48a
(May 1980)

1