UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Respondent, | §<br>§<br>§ | CRIMINAL DOCKET NO:<br>00-225<br>SECTION: "L" (6) |
| v. | § | |
| FATHE MOHAMMED KHATBI,<br>Claimant. | §<br>§<br>§ | |

U.S. DISTRICT COURT
Eastern District of Louisiana

FILED   JUL 1 2 2005

LORETTA G. WHYTE
Clerk

### CLAIMANT'S REPLY TO GOVERNMENT'S RESPONSE TO THE
### MOTION FOR RETURN OF SEIZED PASSPORT

Comes now the claimant, Fathe Mohammed Khatbi ("Claimant"), through pro-se representation to respectfully file this, its Reply to the Government's Response to the Claimant's Motion for Return of Seized Passport, and for cause would respectfully show the Court the following:

1.  On the day Claimant was arrested, June 29, 2000, agent Roger Balland of the Jeferson Parish Sheriff's Office seized the three Claimant's passports (See Ex5 line on Exhibit A), two of which were expired Brasilian passports and one valid Brasilian passport all in the Claimant's name.  On the same day these passports were handed over to the DEA, and the three DEA agents, Steven Rayes, George F. Breedy, and Michael S. Nussbaum, used the information from the Claimant's valid Brasilian passport to complete the Claimant's Personal History Report form (Exhibit B).  On July 7, 2005, Claimant was released on bond and on July 10, 2005, Claimant received his two expired Brasilian passports from the DEA (Exhibit C).  The DEA did not release the Claimant's valid Brasilian passport to Claimant as it was to be surrendered to Pretrial Services according to the order from Magistrate Court (Exhibit D).  Thus, the U.S. Government is in possession of the Claimant's valid Brasilian passport, which

Process___
X Dktd___
X CtRmDep___
X Doc.No.___

is either in possession of Pretrial Services, or the DEA.

2. Six-year statute of limitations applicable to civil actions against the United States governed motion in which convicted claimant sought return of seized property. 28 U.S.C.A. § 2401(a); Fed.Rules Cr.Proc.Rule 41(g). Motion in which convicted claimant sought return of seized property as to which no record of any forfeiture proceeding could be found did not involve claim under Federal Tort Claims Act (FTCA), and thus was not subject to FTCA's two-year limitations period. See U.S. v. Sims, 376 F.3d 705 (7th Cir. 2004). Accordingly, six-year statute of limitations generally applicable to civil actions against the United States is appropriate in this case. See U.S. v. Howell, 354 F.3d 693, 695 (7th Cir. 2004) ("...even if his motion had been a motion under Rule 41(g) for the return of property obtained in a search, rather than an attempt to challenge an administrative forfeiture, the proceeding would have been a civil proceeding ..."); U.S. v. Taylor, 975 F.2d 402, 403 (7th Cir. 1992) ("... orders resolving motions under Rule 41(g) are treated as civil ..."). The six-year stature of limitations in 28 U.S.C. § 2401(a) is appropriately borrowed for Rule 41(g) motions. See U.S. v. Wright, 361 F. 3d 288 (5th Cir. 2004); U.S. v. Rodriguez-Aguirre, 264 F.3d 1195, 1210 (10th Cir. 2001); Clymore v. U.S., 217 F.3d 370, 373 (5th Cir. 2000).

3. If the district court determines that Rule 41(g) motion was filed within the six-year limitations period, the court should then determine whether the motion may nonetheless be barred under the doctrine of laches. See Clymore v. U.S., 217 F.3d at 376-377; Geyen v. Marsh, 775 F.2d 1303, 1310 (5th Cir. 1985). If Rule 41(g) motion is not barred by either the statute of limitations or under the doctrine of laches, the district court should proceed with the merits of the motion. See U.S. v. Wright, 361 F. 3d at 290 (5th Cir. 2004).

4. To establish that a claimant's cause of action is barred by laches,

2

the defendant (the U.S. Government) must show (1) a delay in asserting the
right or claim; (2) that the delay was not excusable; and (3) that there was
undue prejudice to the defendant.  **See** Baylor University Medical center v.
Heckler, 758 F.2d 1052 (5th Cir. 1985).  The question whether laches should
apply is normally committed to the trial court's discretion.  **See** Albertson
v. T.J. Stevenson & Co., 749 F.2d 223, 233 (5th Cir. 1984).

    5.  To establish that Claimant's claim is barred by laches, the Govern-
ment must show that there was a delay in asserting the claim and that the
delay is not excusable.  In this case, there was no delay in asserting the
claim.  The Government knew that Claimant is not a U.S. citizen, but a citizen
of Brasil, and that he is a subject to deportation, and the Government had to
surrrender the Claimant's passport to the Department of Homeland Security
(DHS) so the DHS can proceed with processing the Claimant's removal procedures.
The Government did not send to Claimant a notice that they are going to destroy
the Claimant's passport, and Claimant did not have any reason to believe that
the Government would want to destroy his passport, or that it could be mis-
placed, since Claimant knew that the DHS needs it for Claimant's removal pro-
cedures.  The DHS contacted Claimant first time on February 18, 2005.  Few
weeks later Claimant learned from a local DHS agent who is in possession of
his alien file that the DHS do not have Claimant's passport.  Immediately after
that Claimant asked his case manager at the Big Spring Correctional Center to
call Brent Torres of Pretrial Services to release Claimant's passport to the
DHS or to Claimant.  Agent Torres replied that he needs the court's order to
release the Claimant's passport (the Court may verify this with Claimant's
case manager, Ms. Olga Fierro).  Immediately after that, Claimant proceeded
with filing his Motion for Return of Seized Passport.  Thus, there was no delay
in asserting the claim.  Should the Court find nonetheless that there was a
delay in asserting the claim, this delay was obviously excusable since

3

Claimant had no way to know and had no reason to believe that the Government would not surrender his passport to the DHS, but would rather destroy or misplace it. Claimant learned that the DHS does not have his passport only after the DHS contacted him on February 18, 2005 (Exhibit E), and Claimant immediately commenced his efforts in locating and recovering his passport, which resulted in filing Claimant's Motion for Return of Seized Passport.

6.  The final prong of the laches inquiry - undue prejudice to the Government - is not present in this case. The Government claims that because of the long time delay from when the passport was ordered to be surrendered until the defendant's [claimant's] request to have it returned, the passport was misplaced and cannot be located. This Government's claim does not have any merit. The Government was not able to locate the Claimant's passport is because of the Government's negligence or lack of diligence or both. Because of the Government's poor record keeping it does not know what it did with the Claimant's passport - whether it surrendered the passport to Mr. Torres of Pretrial Services, or the DEA kept the passport. Agent George Breedy of the DEA claims that his records do not show that the DEA ever had possession of the Claimant's passport, which is not true as the Claimant's records indicate that the Sheriff's office seized the three Claimant's passports (Exhibit A, line Ex5), that the DEA had possession of the Claimant's valid passport (Exhibit B, line 32 through 36), and that the DEA returned to Claimant two expired passports (Exhibit C), but not the valid passport. Had the Government kept the proper record of what they did with the Claimant's passport, it would not have the dificulty in locating the passport. Had the U.S. Attorney or the DEA surrendered the Claimant's passport to the DHS, as they should have done, there would be no need for this Claimant's proceeding to recover his passport.

7.  There is not a clear rule exist as to whether the Government is immune from suit for money damages resulting from the unlawful destruction or

4

loss of property seized from a criminal defendant. A split exists in the courts as to whether money damages are available under Rule 41(e). The Claimant wants to note however that this case might be unique from other 41(e) suits with regards to the extent of damages caused to Claimant from the Government's failure to return the passport. Without his passport, there will be dificulty in removing Claimant to Brasil and Claimant might be held in the immigration detention for the extended period of time. Claimant might have to hire an attorney to travel to Brasil to obtain the Claimant's birth certificate from the Brasilian Department of Birth Registrations to facilitate the Claimant's removal to Brasil. In the context of Rule 41(e) motions, several circuit courts have remarked on a district court's authority to fashion an equitable remedy, when appropriate, even if the property at issue has been lost or destroyed. See Thompson v. Covivgton, 47 F.3d 974, 975 (8th Cir. 1995) (noting that because the court has power to fashion equitable relief, "the case is not mooted by the governmmnet's assertion that it cannot find Thompson's property"); Mora, 955 F.2d at 159 (noting that "[a]ssuming the property is gone, the question then is what relief may be granted"); Martinson, 809 F.2d at 1367-68 ("It is the historic purpose of equity to secure complete justice. The courts will be alert to adjust their remedies so as to the necessary relief."). Claimant will seek the necessary relief, should the Goverment fail to return the Claimant's passport, to compensate for his expenses to hire an attorney to travel to Brasil to obtain the Claimant's birth certificate and for the time Claimant will have to spend in immigration jail because of a lack of his Brasilian passport. To avoid unnecessary litigation, Claimant respectfully requests the Court to order the Government to locate the Claimant's passport and to return it to the Claimant's family.

Wherefore, for the reasons stated above Claimant prays this Court to

order the Government to locate the Claimant's Brasilian passport and to
return it forthwith to the Claimant's family at the following address:

> Jamal Mohammed
> 2252 Brighton Place
> Harvey, LA 70058.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted and SIGNED on this the __6__ day of July, 2005.

> Fathe Mohammed Khatbi
> Reg. No.: 27164-034
> BSCC, Airpark Unit
> 3700 Wright Avenue
> Big Spring, TX 79720

## CERTIFICATE OF SERVICE

I, Fathe Mohammed Khatbi, hereby certify that a true and correct copy
of the foregoing **Claimant's Reply to the Government's Response to the Motion
for Return of Seized Passport** was mailed by regular mail to Maurice E.
Landrien, Jr., Assistant U.S. Attorney, Hale Boggs Federal Building, 500
Poydras Street, Second Floor, New Orleans, Louisiana 70130 on this the __6__
day of July, 2005.

> Fathe Mohammed Khatbi
> Reg. No.: 27164-034
> BSCC, Airpark Unit
> 3700 Wright Avenue
> Big Spring, TX 79720

EXHIBIT "A"

## RETURN ON SEARCH AND SEIZURE WARRANT

At _930_ o'clock on _6-29-00_ , ~~1997~~ I, the undersigned member of the JEFFERSON PARISH SHERIFF'S OFFICE, executed the foregoing SEARCH AND SEIZURE WARRANT as follows:

I searched the _1784 Carol Sue Ave #13N_ described in said SEARCH AND SEIZURE WARRANT, and I left a copy of said SEARCH AND SEIZURE WARRANT with _Fathe Katre_ _____ , together with a receipt for the item(s) seized.

**The following is an inventory of the property seized pursuant to the said foregoing SEARCH AND SEIZURE WARRANT:**

Ex 1) Five Brown Boxes Containing plastic bags of old white pills.

Ex 2) misc. Paperwork

Ex 3) Hewlett Packard Computer ~~with monitor~~ #US83260414

Ex 4) one world map

Ex 5) Three Passports

**The following described property, which may also be described above, was seized pursuant to LRS 40:2601 "et seq." specifically pursuant to the requirements of LRS 40:2606:**

This inventory was made in the presence of _Agent Roger Ballard_ _____

_____
**JEFFERSON PARISH SHERIFF'S OFFICE**

Rev. 9/98

**U.S. Department of Justice**
Drug Enforcement Administration

# PERSONAL HISTORY REPORT

| 1. File Title | 2. File Number | 3. Program Code |
|---|---|---|
| KHATBI, Fathe Mohammed | | |

| | 4. Group No. | 5. G-DEP ID | 6. Date Prepared |
|---|---|---|---|
| | 5 | | 06/29/2000 |

## 7. PURPOSE OF SUBMISSION:   ☐ G-DEP DESCRIPTION   ☒ ARREST   ☐ FUGITIVE DECLARATION

| 8. Subject Name (Last, First, Middle) | 9. Date of Birth (MM/DD/YYYY) |
|---|---|
| KHATBI, Fathe Mohammed | 07/03/1973 |

| 10. Alias Name | 11. Alternate Date of Birth |
|---|---|
| Frank Khatbi, Fathe Mohammad Saleh | N/A |

| 12. NADDIS No. | 13. FBI No. | 14. Social Security No. | 15. Misc. Numbers (e.g., TECS; DRUG-X; Registrant; CSS No., etc.) |
|---|---|---|---|
| NEGATIVE | NONE | 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 | N/A |

| 16. Place of Birth (City, State/Country) | 17. Citizenship (Country) | 18. Alien Status    ☐ Illegal |
|---|---|---|
| Salvador-Bahia, Brazil | Brazil | ☒ Legal (Alien Registration No.)   A044306623 |

| 19. Race | 20. Ethnicity | 21. Sex | 22. Color Hair | 23. Height |
|---|---|---|---|---|
| ☐ Black  ☒ White  ☐ Asian-Pacific Islander  ☐ Native American  ☐ Unknown | ☐ Hispanic  ☒ Non-Hispanic  ☐ Unknown | ☒ Male  ☐ Female | Black | 5' 08" |

| 24. Color Eyes | |
|---|---|
| Brown | |

| 25. Weight |
|---|
| 160 lbs. |

| 26. Address (No., Street, Unit, City, State/Country, Zip Code) | 27. Identifying Characteristics (Scars, tattoos, marks, physical defects, etc.) |
|---|---|
| 1784 Carol Sue<br>Apt. 13-N<br>Gretna, Louisiana 70056 | None Visible |

| 28. Telephone Number (Include Area Code)   (504) 433-3970 |
|---|

| 29. Occupation | 30. Employer Name and Address |
|---|---|
| Restaurant Owner | Frankie's Po-Boy's<br>6228 LaPalco Blvd.<br>Marrero, Louisiana 70072 |

| 31. Employer Telephone Number (Include Area Code) |
|---|

| 32. Passport No. | 33. Issue Date | 34. Issuing Country | 35. Expiration Date | 36. Name on Passport |
|---|---|---|---|---|
| CG565478 | 06-20-1995 | Brazil | 06-19-2005 | Fathe Mohammad Khatbi |

| 37. Driver's License No. | 38. Issuing State/Country | 39. Expiration Date | 40. Name on License |
|---|---|---|---|
| 6959560 | La. | 07/03/2000 | Fathe Mohammad Khatbi |

| 41a. FAMILY INFORMATION (Last, First, Middle Name) | b. Age | c. Address (No. Street, Unit, City, State/Country) & Phone No. |
|---|---|---|
| Father<br>Khatbi, Mohammed | | DECEASED |
| Mother<br>Saleh, Wasfia | 55 | Jerusalem, Israel |
| ☐ Spouse  ☐ Companion  ☐ Paramour<br>N/A | | N/A |
| Children<br>N/A | | N/A |
| | | |
| Other Relatives                    (Relationship)<br>N/A | | |

| 42a. Source of Supply (Name) | 43a. Criminal Associates (Use Remarks Section to Add Other Names) | 43b. NADDIS Nos. |
|---|---|---|
| Miskia, Khaled | N/A | N/A |
| 42b. NADDIS No.<br>Negative | N/A | N/A |

## I. G-DEP DESCRIPTION (Complete for all G-DEP and Arrest Submissions.) Agents Manual 622

| 44. Submission: | 45. Subject's Principal Criminal Activity | 46. Subject's Principal Controlled Substance / Commodity |
|---|---|---|
| ☒ Initial<br>☐ Supplemental | Use Letter Code:   N<br>(See Agents Manual) | Use Letter-Number Code:   A7<br>(See Agents Manual) |

DEA Form - 202          Previous edition dated 9/95 may be used until supply is exhausted.

## II. ARREST *(Complete for all Arrest Submissions)*

| 47. Type of Arrest | 48. Date of Arrest | 49. PLACE OF ARREST | | |
|---|---|---|---|---|
| ☒ Probable Cause ☐ Warrant ☐ Fugitive | 06-29-2000 | a. City<br>Marrero | b. County<br>Jefferson | c. State or Country<br>Louisiana |

| 50. Armed at Arrest | 51. If Armed *(Enter Number of Weapons by Type)* | | | | | | 52. Type of Violation Charged? (Possession, Sale, Conspiracy, etc.) |
|---|---|---|---|---|---|---|---|
| ☐ Yes | **TYPE** | Handgun | Shotgun | Rifle | Lethal Cutting Instrument | Other Weapon | |
| | Semi-Auto | | | | | | 53. Major Drug Charged? *(Heroin, cocaine, etc.)* |
| ☒ No | Full Auto | | | | | | |
| | Other | | | | | | |

## III. FUGITIVE DECLARATION *(Complete if Defendant Not Arrested within 48 hours of the issuance of the Arrest Warrant.)*

| 54. Type of Declaration | 55. Apprehension Responsibility | 56. NCIC Number | 57. USMS Office Holding Warrant *(City & State)* |
|---|---|---|---|
| ☐ Original DEA Arrest Warrant<br>☐ Post Arraignment (Failure to Appear; Bond Default) | ☐ DEA<br>☐ USMS *(Date Delegated)* :<br>____ / ____ / ____ | 58. Court Docket Number | 59. Name of Judge or Magistrate |

| 60. Date & Judicial District of Issue | 61. DEA Agent Contact *(Name and Phone Number with Area Code)* |
|---|---|

| 62. Type of Violation Charged *(possession, sale, etc.)* | 63. U.S. Code *(Title & Section)* | 64. Armed at Arrest<br>☐ Yes ☐ No | 65. Should be considered armed & dangerous<br>☐ Yes ☐ No |
|---|---|---|---|

| 66. Basis for Other Caution *(state basis)* |
|---|

**67. REMARKS**

  Subject was arrested following the execution of a Jefferson Parish Sheriff's Dept. search warrant, at his residence.  During the execution of the search warrant, agent seized approximately 394 gross pounds of pseudoephedrine in pill form.  The pills were packaged in plastic ziplock type bags and then placed in large cardboard boxes.

| 68. Agent/Officer Name *(Print or type)*<br>TF/A Steven Rayes | 69. Signature | 70. Date |
|---|---|---|
| 71. Co-Agent/Officer Name *(Print or type)*<br>TF/A George F. Breedy | 72. Signature | 73. Date |
| 74. Supervisor *(Print or type)*<br>G/S Michael S. Nussbaum | 75. Signature | 76. Date |

# RECEIPT FOR CASH OR OTHER ITEMS

| TO: (Name, Title, Address (including ZIP CODE), if applicable) | FILE NO. | G-DEP IDENTIFIER |
|---|---|---|
| FATHE MOHAMMAD KHATBI | GH-00-0173 | |

| FILE TITLE |
|---|
| KHATBI, Fathe Mohammad |

| DATE |
|---|
| 07/10/00 |

**DIVISION/DISTRICT OFFICE**
New Orleans Field Division

I hereby acknowledge receipt of the following described cash or other item(s),
which was given into my custody by the above named individual.

| AMOUNT or QUANTITY | DESCRIPTION OF ITEM(S) | PURPOSE (If Applicable) |
|---|---|---|
| One (1) | Pagemart by RaidoShack dig pager | |
| One (1) | Fossil Tri-fold wallet w/misc cards and | |
| | checks. | |
| One (1) | Brown leater belt. | |
| One (1) | Set car/house keys with prestige alarm | |
| $108.00 | U.S. Currency | |
| Two (2) | Expired passaporte DO BRASIL | |
| One (1) | Metal chain | |

| RECEIVED BY (Signature) | NAME AND TITLE (Print or Type) |
|---|---|
| | Fathe M. Khatbi |

| WITNESSED BY (Signature) | NAME AND TITLE (Print or Type) |
|---|---|
| | |

**DEA Form - 12**
**(Apr. 1983)**

Previous edition dated 9/77 may be used until stock is exhausted

**EXHIBIT D**

U.S. DISTRICT COURT
Eastern District of Louisiana

FILED   JUL 7 - 2000

LORETTA G. WHYTE
Clerk

MINUTE ENTRY
MOORE, M.J.
JULY 7, 2000

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                     CRIMINAL ACTION

VERSUS                                       NO. 00-153

FATHE MOHAMMAD KHATBI                        SECTION: MAG

A hearing to perfect bond was held this date before Magistrate Judge Louis Moore, Jr.

PRESENT:    Warren DeAgano, Counsel for the defendant
            Fathe Mohammad Khatbi, Defendant
            Brent Torres, Pretrial Services

Bond was previously set in the amount of $50,000.00 cash/property. Hamdy Husein deposited $50,000.00 into the Registry of the Court (receipt attached.) The special conditions of bond are: 1) travel restricted to the Eastern District of Louisiana; 2) Pretrial supervision with drug testing and treatment as deemed necessary; 3) no contact with witnesses; 4) possess no firearms or dangerous weapons; 5) surrender passport to Pretrial Services; 6) obtain no passport.

The bond papers were executed and the defendant was released on bond.

_____
LOUIS MOORE, JR., U.S. MAGISTRATE JUDGE

CLERK TO NOTIFY:
U.S. ATTORNEY, PRE-TRIAL SERVICES,
U.S. PROBATION, U.S. MARSHAL,
ATTORNEY FOR DEFENDANT, DEFENDANT

_____ Fee_____
_____ Process_____
  X  Dktd_____
_____ CtRmDep_____
_____ Doc.No._____

**U. S. Department of Justice**
Immigration and Naturalization Service

**Notice to Appear**

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: **A044 306 623**
Case No: **BSC0501000296**

In the Matter of:

Respondent: **Fathe Mohammad KHATBI** _____ _____ currently residing at:

**AIRPARK UNIT 3700 WRIGHT AVE**
**BIG SPRING TEXAS 79720**

(Number, street, city state and ZIP code)   (Area code and phone number)

- ☐ 1. You are an arriving alien.
- ☐ 2. You are an alien present in the United States who has not been admitted or paroled.
- ☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

**See Continuation Page Made a Part Hereof**

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

**See Continuation Page Made a Part Hereof**

- ☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.
- ☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2) ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: _____
**1100 Commerce Street Room 404 Dallas TEXAS US 75242**

(Complete Address of Immigration Court, Including Room Number, if any)

on **a date to be set** at **a time to be set** to show why you should not be removed from the United States based on the
(Date)     (Time)
charge(s) set forth above.

**JOEL LAWSON**
**IRP Director**          _____
(Signature and Title of Issuing Officer)

Date: **2/18/05**

**Big Spring, Texas** _____
(City and State)

See reverse for important information

Form I-862 (Rev. 3/22/99)N

# Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

Before: _____

_____
(Signature of Respondent)

_____
(Signature and Title of INS Officer)

Date: _____

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on _____ . in the following manner and in
(Date)
compliance with section 239(a)(1)(F) of the Act:

☒ in person        ☐ by certified mail, return receipt requested        ☐ by regular mail
☐ Attached is a credible fear worksheet.
☐ Attached is a list of organizations and attorneys which provide free legal services.

The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
(Signature of Respondent if Personally Served)

DAVID MCCLAIN
Deportation Officer
_____
(Signature and Title of Officer)

Form I-862 (Rev. 3/22/99)N

| Alien's Name | File Number | Date |
|---|---|---|
| Fathe Mohammad KHATBI | Case No: BSC0501000296<br>A044 306 623 | 2/18/05 |

**The Service alleges that you:**

1) You are not a citizen or national of the United States;

2) You are a native of BRAZIL and a citizen of BRAZIL;

3) You were admitted to the United States at MIAMI, FL on or about    January 22, 1994 as a conditioanl resident;

4) Your status was adjusted to that of lawful permanent resident on June 6, 1996.

5) You were, on October 17, 2001, convicted in the United States District Court for Eastern District of Louisiana for the offense of possession of pseudoephederine knowing that it would be used to manufacture a controlled substance in violation of Title 21 USC Section 841(d)(2).

6) You were, on May 31, 2002, convicted in the United States District Court for the Eastern District of Louisiana for the offense of failure to appear, in violation of Title 18 USC Section 3146(a)(2) and (b)(1)(A)(i).

**On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:**

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(B) of the Act, an offense relating to the illicit trafficking in a controlled substance, as described in section 102 of the Controlled Substances Act, including a drug trafficking crime, as defined in section 924(c) of Title 18, United States Code.

Section 237(a)(2)(B)(i) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. 802), other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

| Signature | Title |
|---|---|
| JOEL LAWSON | IRP Director |

Form I-831 Continuation Page (Rev. 6/12/92)

EXHIBIT "E", page 4

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation Page for Form  I-862

| Alien's Name | File Number | Date |
|---|---|---|
| **Fathe Mohammad KHATBI** | **Case No: BSC0501000296**<br>**A044 306 623** | 2/18/05 |

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(Q) of the Act, a law relating to an offense relating to failure to appear by a defendant for service of sentence if the underlying offense is punishable by imprisonment for  a term of 5 years or more.

| Signature | Title |
|---|---|
| JOEL LAWSON | **IRP Director** |

**4** of **4** Pages

Form I-831 Continuation Page (Rev. 6/12/92)

