UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NO. 00-225 |
| FATHE MOHAMMAD KHATBI | * | SECTION "L" |

ORDER AND REASONS

Before the Court are the Motion for Return of Seized Passport and Motion to Enter the Order of Claimant, Fathe Mohammed Khatbi. For the following reasons, the motions are hereby DENIED.

I. Background

The present motions arise out of events which surrounded Mr. Khatbi's arrest and subsequent plea of guilty to violations of the federal narcotics laws, specifically, 21 U.S.C. § 841(d)(2), which makes it a crime for anyone to knowingly and intentionally possess certain quantities of pseudoephedrine. Mr. Khatbi alleges that his valid Brazilian passport was seized by the government and has never been returned. The Claimant alleges that he is a Brazilian citizen, and alleges that he has a valid passport, number CG565478, with an issue date of June 20, 1995.

On June 29, 2000, the Claimant was arrested and remanded to custody. Mr. Khatbi submits as Exhibit A the Return on Search and Seizure Warrant that was issued by the Jefferson Parish Sheriff's Office after Mr. Khatbi's arrest. The Return states that three passports were seized. Mr. Khatbi alleges that one of these passports is the passport at issue in the present motion. According to Mr. Khatbi, the sheriffs delivered all three passports to

the DEA, which returned two invalid passports to Mr. Khatbi on July 10, 2000. See Claimant's Exhibit C.

On July 7, 2000, the Claimant made bond of $50,000 and was released. One condition of Mr. Khatbi's bond was surrender of his valid passport. The Claimant alleges that, in accordance with the conditions of his bond, the DEA delivered the passport to Brent Torres, Pretrial Services, U.S. Probation, Eastern District of Louisiana. Mr. Khatbi alleges that he has not seen the valid passport since its initial seizure on June 29, 2000.

On July 28, 2000, the Claimant was indicted in the Eastern District of Louisiana on one count of knowingly and intentionally possessing pseudoephedrine in violation of 21 U.S.C. § 841(d)(2). This Court accepted the Claimant's guilty plea on June 18, 2001. Thereafter, this Court sentenced Mr. Khatbi on October 17, 2001, to a term of forty-six (46) months imprisonment as to Count 1, followed by a term of three (3) years supervised release upon release from imprisonment. Although he was permitted to self-surrender to commence his term of imprisonment, Mr. Khatbi failed to appear on the appointed date. After his arrest in Florida, he was sentenced to an additional eight months imprisonment for his failure to self-surrender. Mr. Khatbi is due to complete his term of imprisonment on October 26, 2005.

Mr. Khatbi, now pro se, filed the present Motion for Return of Seized Passport on May 30, 2005. On June 24, 2005, the government responded to the motion, claiming that the passport is not in the possession of Pretrial Services. The government explained that Pretrial Services retained no property of Mr. Khatbi. The government produced documentation that the DEA at one time had possession of certain other belongings of Mr. Khatbi, but the passport was not listed among those belongings. In any event, in 2002, the DEA destroyed all

property which it retained which belonged to Mr. Khatbi upon finding that the items were no longer needed as evidence in the case.[1]

Thus, the government's position is either that the Claimant never turned over the passport, or that Pretrial Services or the DEA misplaced or destroyed the passport sometime between 2001 and the present. The government asserts that it has no liability for loss or destruction of Mr. Khatbi's passport for two reasons – the long delay in Mr. Khatbi's request to return the passport, and the government's immunity in these matters.

On August 10, 2005, the Claimant filed a Motion to Enter the Order. The motion states that on August 2, 2005, Immigration Judge Rogers ordered Mr. Khatbi to be deported to Brazil after he completes his sentence. The Claimant urges that, without his passport, his deportation will be delayed considerably.

## II. Motion for Return of Seized Passport

Mr. Khatbi has brought the present motion under Title 28, United States Code, Section 2465. However, that provision by its terms deals with return of property which the government has wrongfully seized in forfeiture proceedings. 28 U.S.C. § 2465. Because there were no forfeiture proceedings in this case relative to Mr. Khatbi's passport, this provision is inapplicable to the present dispute.

However, when reviewing a motion by a pro se party, the district court is particularly

---

[1] In addition, the Court has enlisted the help of Mr. Khatbi's former attorneys, Public Defender Virginia Schleuter and attorney Warren DeAgano, to identify when the passport was surrendered and what may have happened to it. Despite their efforts, they were unable to obtain any other information from Pretrial Services, the DEA, or the U.S. Attorney's office.

obligated to determine whether the motion presents any basis for relief. *See Clymore v. U.S.*, 217 F.3d 370, 373 (5th Cir. 2000). As the Court views the Claimant's Motion for Return of Seized Passport, the motion alleges a claim under Rule 41(g) of the Federal Rules of Criminal Procedure and the Court's equitable powers under that rule.

Rule 41(g) of the Federal Rules of Criminal Procedure provides that:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

When a pro se party files a Rule 41(g) motion after a criminal proceeding has ended, the district court construes the motion as a civil action under Title 28, United States Code, Section 1331. *Clymore v. U.S.*, 217 F.3d 370, 373 (5th Cir. 2000). Under Section 1331, the pro se plaintiff invokes the equity jurisdiction of the district court; this jurisdiction derives from the inherent authority that the court exercises over its officers. *Id.* at 373 n.6 (citing *Pena v. U.S.*, 122 F.3d 3, 4 n.3 (5th Cir. 1997)).

The applicable statute of limitations for this type of claim is six years, pursuant to 28 U.S.C. § 2401(a). *Id.* at 374. The government has urged the Court to apply the doctrine of laches to find that Mr. Khatbi's motion is time-barred. The government argues that Mr. Khatbi has waited too long without excuse to request the return of his passport: the passport was seized by the government in 2000, five years ago. The government asserts that Mr. Khatbi's cause of action for return of his property arose on December 4, 2001, when he was

taken into custody and surrendered his bond. The government argues that, after that date, even though Mr. Khatbi was entitled to return of his passport, he failed to request it for three and a half years. The government contends it has been prejudiced by Mr. Khatbi's delay because, if the request had come sooner, the government could have located it and returned it to him. Finally, the government argues that, because of sovereign immunity in these matters, Mr. Khatbi is not entitled to monetary damages for any destruction of his property.

Mr. Khatbi clearly brought his claim within the six year statute of limitations, using December 4, 2001, the date of Mr. Khatbi's arrest, as the date that began the running of prescription.[2] When a statute of limitations period is applicable to a claim, laches generally does not shorten the limitations period. *U.S. v. Rodrigue-Aguirre*, 264 F.3d 1195, 1208 (10th Cir. 2001). However, the district court is mandated to determine whether laches should apply regardless of a claimant's timely filing of a Rule 41(g) motion. *U.S. v. Wright*, 361 F.3d 288, 290 (5th Cir. 2004).

To prevail upon the defense of laches, the government must show 1) inexcusable delay by the claimant in bringing the claim 2) which causes undue prejudice to the government. *See Costello v. U.S.*, 365 U.S. 265, 282 (1961); *Clymore*, 217 F.3d at 376. The government's

---

[2] This date is in keeping with the rule stated in *U.S. v. Rodrigue-Aguirre*, 264 F.3d 1195, 1212 (10th Cir. 2001), and cited with approval in *U.S. v. Wright*, 361 F.3d 288, 290 (5th Cir. 2004). The *Rodrigue-Aguirre* rule holds that, in a case in which the government has instituted no forfeiture proceedings regarding the property at issue, the statute of limitations begins to accrue for a Rule 41(g) motion when criminal proceedings have ended, that is, when the government no longer has a cognizable right to ownership or possession of the claimant's property. 264 F.3d at 1212. In the present case, because a condition of Mr. Khatbi's bond was surrender of his passport, the government retained a right to possess the passport until that bond terminated on December 4, 2001.

laches defense fails in both respects. Mr. Khatbi has been diligent in bringing this claim for the return of his passport. It goes without saying that, while Mr. Khatbi is in prison, he is unable to use his passport. Mr. Khatbi clearly brought his claim within the statute of limitations period. In addition, the government has not demonstrated any prejudice in this case. The United States has an affirmative duty to keep accurate records of seized property in its possession. *See* 41 CFR § 128-50.101. The duty of accurate record-keeping is not dependent upon the claimant's delay. The Court finds that laches is inapplicable to this motion.

Moreover, to defeat the Claimant's motion, the government cannot simply assert that it has lost or destroyed the Claimant's property. The government's destruction of property held in its possession does not render a claimant's motion moot. *See U.S. v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999) (citing cases and stating that the Circuits are in consensus on this issue). After a criminal prosecution has ended, a defendant is entitled to return of any property seized that was used during the prosecution. *Id.* at 377. After a conviction, the burden is upon the government to demonstrate that it had a legitimate reason to retain the property: this reason can be either a cognizable claim of ownership or a right to possession. *Id.* "The government must do more than state, without documentary support, that it no longer possesses the property at issue." *Id.* at 377-78.

The Court makes a factual finding that three of Mr. Khatbi's passports were seized on June 29, 2000, as evidenced by Exhibit A to the Claimant's Reply. In addition, the Court finds that two passports were returned to Mr. Khatbi on July 10, 2000, as shown by Exhibit C to the Claimant's Reply. Thus, the government retained possession of one passport.

Moreover, until December 4, 2001, the government had a legitimate reason to retain Mr. Khatbi's passport. Mr. Khatbi's surrender of his passport was a condition of his bond. After Mr. Khatbi's bond was revoked, the government no longer had a legitimate right to retain Mr. Khatbi's passport. The passport was never considered a piece of evidence in the case, and was not subject to forfeiture under the criminal drug forfeiture statutes. The loss or destruction of Mr. Khatbi's passport is simply unexplained and inexcusable.

However, given the government's documentation that it destroyed all of Mr. Khatbi's property in its possession in 2002, the Court finds that the order sought by Mr. Khatbi to return his passport would be useless.[3] In addition, pursuant to the government's sovereign immunity, the Court is unable to award damages to Mr. Khatbi under Rule 41(g) for the loss or destruction of the passport. *Pena v. U.S.*, 157 F.3d 984, 986 (5th Cir. 1998). Thus, despite the government's clear negligence in this matter, the Court is unable to award the Claimant any relief under the motions submitted.

## IV. Conclusion

Accordingly, the Motion for Return of Seized Passport and Motion to Enter the Order of Claimant, Fathe Mohammed Khatbi should be and hereby are DENIED.

Houston, Texas, this <u>3rd</u> day of October, 2005.

United States District Judge

---

[3] The Court also notes that Mr. Khatbi's passport was issued in 1995. Ten years later, it is unclear whether the passport would be valid now had it not been destroyed.